Anthony Lanza, (Bar No. 156703)
tony@lanzasmith.com
Brodie H. Smith, (Bar No. 221877)
brodie@lanzasmith.com
**LANZA & SMITH**
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
(949) 221-0490
Fax (949) 221-0027

Attorneys for Plaintiffs

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**
Wendell Hall     SBN 185387
whall@kdvglaw.com
Sylvia J. Hwang    SBN 262440
shwang@kdvglaw.com
11755 Wilshire Boulevard, Suite 2400
Los Angeles, California 90025
Telephone:  (310) 775-6511
Facsimile:   (310) 525-9720

Attorneys for Defendant/Counter-Plaintiff,
SUNNY DESIGNS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| KEVIN MOATS, an individual; KEVIN MOATS & ASSOCIATES, INC., a Colorado corporation; and TRIANGLE INTERNATIONAL TRADING LTD, a British Virgin Islands corporation; <br><br>     Plaintiffs/Counter-Defendants; <br><br>     vs. <br><br> SUNNY DESIGNS, INC., a California Corporation; and DOES 1 through 10, inclusive; <br><br>     Defendants/Counter-Plaintiffs. | Case No.: 2:11-cv-06163 DSF (OPx) <br><br> Honorable Dale S. Fischer <br><br> **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER** <br><br> Complaint Filed:   July 26, 2011 <br><br> Trial Date:       April 16, 2013 |

The parties stipulate and request that the Court enter the following protective order:

# PROTECTIVE ORDER

Good cause appearing, IT IS HEREBY ORDERED as follows:

**1. Purpose**

The purpose of this Stipulation and Protective Order is to allow the Parties to have reasonable access to information from others while protecting proprietary or confidential information from public disclosure without frequent resort to determinations of discoverability by the Court.

**2. Definitions**

2.1. "*Person*" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent of the foregoing.

2.2. "*Party*" or "*Parties*" means any of the parties in this action, including officers, directors, and managing employees of such parties.

2.3. "*Document*" has the same meaning as in the operative Federal Rules of Civil Procedure and/or California Code of Civil Procedure, as the case may be (the "Discovery Act").

2.4. "*Discovery Material*" means any information or Document produced in response to or in anticipation of any discovery under the Discovery Act, including deposition testimony.

2.5. "*Disclose*" or "*Disclosure*" means to show, give, make available, or communicate, in any fashion, to any Person, any Discovery Material or information concerning the contents or substance of any Discovery Material.

2.6. "*Producing Person*" means any Person, whether a party or a non-party, that Discloses any Discovery Material.

2.7. "*Designating Person*" shall mean a Person who designates Discovery Material as confidential, limited to (a) a Producing Person, or (b) a Person

asserting a proprietary interest in the information who has a lawful right to restrict the Disclosure of the information.

2.8. *"Confidential Information"* means any Discovery Material that any Designating Person designates as confidential, subject to any party's right to challenge such designation through Court intervention, as specified herein.

2.9. *"Receiving Party"* means a party to this action that receives Discovery Material.

2.10. *"Qualified Person"* means

(a) outside counsel of record engaged in the preparation for trial or trial of this case for a Party, including their reasonably necessary legal assistants and stenographic or clerical employees assisting such counsel;

(b) in-house counsel of a Party engaged in the preparation for trial or trial of this case, including their reasonably necessary legal assistants and stenographic or clerical employees assisting such counsel;

(c) any Party, including executive officers of a Party, actively engaged in the preparation for trial or trial of this case, including their reasonably necessary legal assistants and stenographic or clerical employees assisting;

(d) outside copy services, scanning services, or document management services;

(e) deposition reporters and/or videographers;

(f) witnesses and potential witnesses in preparation for, and in the course of, depositions or interviews, if, in the reasonable and good faith opinion of the parties' counsel, examination with respect to such information is for legitimate litigation purposes;

(g) the Court and the Court's administrative staff, including court reporters, and the jury;

(h) any mediator, arbitrator, or other alternative dispute resolution facilitator retained for this litigation, subject to the confidentiality inherent in such

proceedings; and

    (i) independent experts or consultants (*"Experts"*), not employees of the Parties, who are assisting counsel identified in subparts (a) or (b) in the preparation for trial or trial in this case.

**3. Process of Designation**

    3.1.    A Designating Person may designate as Confidential Information any Discovery Material that a Producing Person supplies on paper or other tangible form by marking the word **"CONFIDENTIAL"** on each page or object intended to be so designated. Where a document or responses consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

    3.2.    A Designating Person may designate as Confidential Information any Discovery Material that a Producing Person supplies via computer data storage media (e.g., on a CD) by marking the word **"CONFIDENTIAL"** on the media containing the information intended to be so designated.

    3.3.    Failure of a Person to timely designate Discovery Material as Confidential Information shall be without prejudice to the right subsequently to so designate. At the request and expense of the producing party, and upon receipt of the new documents subsequently designated as "**CONFIDENTIAL,**" the receiving party shall either destroy or return the original documents inadvertently not designated as "**CONFIDENTIAL**" to the producing party. A Designating Person's subsequent designation of Discovery Material as Confidential Information shall be prospective only; a Receiving Party's good-faith use of such Discovery Material prior to such designation is not a violation of this Protective Order.

    3.4.    A Designating Person may only designate Discovery Material as Confidential Information if such Designating Person reasonably and justifiably believes the information is of the type entitled to protection under the Discovery Act. Absent good cause, Confidential Information shall not include information other than

the following: Past, present and future confidential financial information, business or marketing plans, customer lists, product specifications, trade secrets, private employee data, information of a particularly personal or sensitive nature generally recognized as confidential or private, or other information the disclosure of which is restricted or prohibited by applicable law.

**4. Handling of Confidential Information**

4.1. Any Persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

4.2. A Receiving Party may use Confidential Information solely for purposes of preparation for trial and trial of this case and appeal, including, without limitation, law and motion proceedings, writ proceedings, mediation and settlement proceedings and other normal proceedings in the litigation and settlement process prior to trial. A Receiving Party may not use Confidential Information for any business, competitive, or other purposes whatsoever, with the following limited exception: a Receiving Party may also use Confidential Information to identify, locate, and bring legal action against any Person(s) the Receiving Party reasonably believes to be guilty of criminal misconduct based on the content of the Confidential Information, provided the Receiving Party is otherwise unable to effectively identify, locate or bring legal action against such Person(s) absent use of the Confidential Information.

4.3. A Receiving Party may make working copies, extracts, abstracts, or notes concerning Confidential Information; but any such working copies, extracts, abstracts, or notes shall themselves be considered Confidential Information.

4.4. The Court's administrative staff is directed to maintain under seal any documents filed pursuant to the preceding subpart of this Protective Order, and to generally comply with all applicable local rules and statutory procedures governing the use of confidential materials under protective order.

4.5. Except as otherwise provided herein regarding depositions, a Receiving Party may Disclose Confidential Information only to Qualified Persons. Any such Disclosure is subject to the following restrictions:

(a) With respect to subparts 2.10(a)-(h), counsel for the Receiving Party will instruct all Persons who will view, handle, or store the Confidential Information as to the existence of this Protective Order, the need for non-Disclosure, and the need to store and maintain such documents in a manner designed to prevent Disclosure.

(b) Non-party witnesses and potential witnesses shall sign a copy of the Certification attached as Exhibit A before being shown any Confidential Information outside of legal proceedings or duly noticed depositions. If a party intends to introduce Confidential Information at the deposition of a Non-party witness, the party must first provide written notice to counsel for all other parties at least seven (7) days prior to the deposition. The written notice shall identify the witness who is to be shown the Confidential Information, the scheduled date of the deposition, and the particular Confidential Information to be shown to the witness by Bates Number(s), when possible, or otherwise by sufficient information to allow the opposing parties to identify the Confidential Information. If, after notice is given as described above, no party obtains a protective order preventing the Confidential Information from being shown at the deposition, the party giving notice may introduce the Confidential Information at the deposition specified in the notice, but only after first attempting, in good faith, to obtain the witness's signature on the Certification attached as Exhibit A. This provision shall not apply to documents first produced or first marked Confidential fourteen (14) days or less prior to the date noticed for the deposition at which the document is attempted to be introduced. Nothing in this paragraph shall prevent Confidential Information from being introduced at trial or other legal proceedings.

(c) With respect to subpart 2.10(i), Confidential Information may be

disclosed to an Expert, provided that each such person shall execute a copy of the Certification attached as Exhibit A before being shown or given any Confidential Information.

      4.6.  A party may designate information disclosed during a deposition or in response to written discovery as **"CONFIDENTIAL"** by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within twenty (20) days after receipt of the responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Upon such designation, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below. All documents and information designated **"CONFIDENTIAL"** are hereinafter identified as Confidential Information.

      4.7.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

**5. <u>Subpoena to Receiving Party</u>**

Any Receiving Party who receives a subpoena or court order for production of Documents or information that have been designated CONFIDENTIAL pursuant to this Order shall give the Producing Person and the Designating Person (or their counsel) reasonable notice before furnishing or permitting inspection of such Documents or information. Receipt of written notice ten (10) days in advance of the return or response date for any such subpoena or the compliance date for such order shall be deemed to be reasonable notice. In the event that there is insufficient time for ten (10) days' notice to the Producing Person and Designating Person (or their counsel), the party receiving the subpoena or order shall (a) request an extension of the return date, response date, or compliance date; and (b) as soon as practicable,

advise the Producing Person and the Designating Person (or their counsel) of the circumstances. Such notice shall be deemed to be reasonable if the Person or court issuing the subpoena or order does not agree to an extension. The Person served with the subpoena or subject to the order will not interfere with or oppose the efforts of the Producing Person or Designating Person to seek to quash or modify the subpoena or order.

### 6. Exceptions to Confidentiality

Confidential Information need not be treated as such if the Receiving Party was in possession of or generated such information prior to Disclosure by the Producing Person or received it from an independent source, or if such information was or becomes public (other than by Disclosure by the Receiving Party).

### 7. Challenges to Confidentiality

7.1.   Any Receiving Party may object to a Designating Person's designation of Confidential Information by so notifying the Designating Person in writing. The Designating Person thereafter will have twenty-five (25) days in which to meet-and-confer concerning the designation and to bring a motion for protective order to resolve the issue, if necessary. The burden will be on the Designating Person to establish that the Confidential Information should be protected hereunder. The Confidential Information subject to such process shall become non-confidential twenty-five (25) days after objection by the Receiving Party unless the Designating Party has filed a motion for a protective order prior to said twenty-five (25) days, or otherwise ordered by the Court, or agreed to by the Parties. Once a motion for a protective order is timely filed with the Court, the Confidential Information that is the subject of the motion will remain as Confidential Information pending the Court's ruling. The prevailing party on any such motion for protective order shall be entitled to recover its reasonable attorney fees absent substantial justification for the non-prevailing party's position.

7.2.   No Receiving Party shall be obligated to challenge a designation

of Confidential Information at the time the designation is made; and failure to do so shall not preclude a subsequent challenge thereto or be used as an argument in favor of confidentiality.

### 8. Use of Confidential Information

In the event that any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Confidential Information, or any pleading, motion, brief or declaration containing or disclosing Confidential Information, will be submitted to the Court by the receiving party for any purpose, the parties agree as follows: The submitting party will notify the party to whom the Confidential Information belongs at least seven (7) calendar days prior to filing the pleading, motion, brief or declaration containing or disclosing the Confidential Information to the Court.  The submitting party will specify what Confidential Information will be submitted to the Court so that the party to whom the information belongs may prepare the appropriate motion to have the record filed under seal.  The parties will then coordinate the filing of the pleading, motion, brief or declaration so that the party to whom the Confidential Information belongs can simultaneously file the appropriate motion with the Court to have the record filed under seal in accordance with pursuant to Local Rule 79-5.  Pursuant to Local Rule 79-5, documents containing "Confidential Information" may only be filed under seal, when authorized by statute or federal rule, or by prior approval by the Court.  Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing.

**9. Use at Trial**

This Protective Order is *not* intended to govern the use of Confidential Information as trial exhibits. Such use will be addressed in a separate pre-trial order.

**10. Conclusion of Litigation**

Within sixty (60) days of the conclusion of the trial and of any appeals or upon other termination of this litigation, all data, documents, and information, and any copies thereof, marked **"CONFIDENTIAL"** under this Stipulated Protective Order shall be destroyed or returned to the producing party, upon request. This Protective Order shall survive and remain in full force and effect after termination of this litigation.

The undersigned hereby consent to the form and substance of this Stipulated Confidentiality Protective Order.

Dated March 7, 2012                    **LANZA & SMITH, P.C.**

By:      /s/ Brodie H. Smith_____

Brodie H. Smith, Esq.
Attorneys for Plaintiffs/Counter-Defendants
Kevin Moats, Kevin Moats & Associates, Inc., and
Triangle International, LTD.

Dated March 7, 2012                    **KAUFMAN DOLOWICH VOLUCK & GONZO LLP**

By:      /s/Sylvia J. Hwang_____

Wendell Hall, Esq.
Sylvia J. Hwang, Esq.
Attorneys for Defendant/Counter-Plaintiff
SUNNY DESIGNS, INC.

# EXHIBIT A

I have read and understand the Stipulated Confidentiality Protective Order which governs the use and dissemination of information, materials and documents exchanged or disclosed in *Kevin Moats, et al v. Sunny Designs, Inc., et al.*, United States District Court, Central District of California Case No. 2:11-cv-06163 DSF (OPx), and I agree to be bound by its terms. Specifically, I agree to maintain the confidentiality of all information, documents and materials disclosed to me in this action governed by and subject to the provisions of the above-referenced Stipulation. I also agree to abide by the provisions of the Stipulation dictating the return or destruction of such information, documents and materials disclosed to me in this action.

Further, I hereby agree to submit to the jurisdiction of the above-entitled Court for enforcement of the undertaking I have made herein.

Dated: _____        Name: _____

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED;

4 | Dated: __3/16/12_____

*[signature]*

Magistrate Judge of the United States District Court, Central District of California

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**